**GUO LIANG ZHENG, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 07–3093–ag.

United States Court of Appeals, Second Circuit.

March 18, 2008.

Liu Yu, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Linda S. Wendtland, Assistant Director; Ashley B. Han, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for respondents.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Guo Liang Zheng, a citizen of the People's Republic of China, seeks review of a June 29, 2007 order of the BIA affirming the September 21, 2005 decision of Immigration Judge ("IJ") Paul A. Defonzo denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guo Liang Zheng*, No. A 96 401 403 (B.I.A. June 29, 2007), *aff'g* No. A 96 401 403 (Immig.Ct.N.Y.City, Sept. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007) (quoting section 1252(b)(4)(B) (internal quotation marks omitted)). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

As an initial matter, issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005). Because Zheng has failed to challenge the denial of his application for CAT relief before this

Court, and because addressing this argument does not appear to be necessary to avoid manifest injustice, we deem any such challenge to be waived.

We conclude that the IJ's adverse credibility determination is supported by substantial evidence. The IJ reasonably based it on the fact that although Zheng testified that he was beaten by family planning officials, he failed to mention this incident in his asylum application or during either his credible fear or airport interviews. The IJ also properly based the determination on the inconsistency between Zheng's testimony and his asylum application regarding when he allegedly learned that his girlfriend had been subjected to a forced abortion. These discrepancies are central to Zheng's claims for relief because they relate directly to his assertion that he was persecuted for violating China's family planning policy. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003). Therefore, the IJ properly relied on them as bases for his adverse credibility determination.

There were further inconsistencies. The IJ reasonably found that Zheng's testimony that his national identification card was confiscated in August 2004, and never returned, was inconsistent with his submission of an identification card which states that it was issued in August 2000. In addition, the IJ concluded that Zheng's testimony was internally inconsistent as to when he learned of the legal age for marriage in China. Zheng initially testified that he was unaware that he had not reached the legal age for marriage until the family planning officials arrived on his wedding day, but later testified that his parents informed him of the legal age for marriage at the time he told them that his girlfriend was pregnant. These discrepancies, although arguably minor, further undermine Zheng's credibility. *See Tu Lin*

*v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006). Zheng was given the opportunity to explain these inconsistencies and omissions, but the IJ reasonably rejected his explanations. *Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

Accordingly, the agency's adverse credibility determination is supported by substantial evidence *Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004), in part on other grounds, *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc). Because the only evidence of a threat to Zheng's life or freedom depended on his credibility, the adverse credibility finding is fatal to both his asylum and withholding of removal claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

We find no merit in Zheng's claim that his due process rights were violated because he was not provided with competent translation during his hearing before the IJ. Zheng cites to several cases addressing the issue of competent translation. *See e.g., Wang He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir.2003); *Arulampalam v. Ashcroft*, 353 F.3d 679, 690 (9th Cir.2003). However, he fails to present any evidence demonstrating that there were significant translation problems during his hearing, or that they interfered with his ability to testify effectively. There is thus no indication of a due process violation. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104 (2d Cir.2006).

Having decided that Zheng's petition fails in any event, we need not and do not decide the extent to which *Shi Liang Lin* would otherwise have an impact on the viability of his petition.

For the foregoing reasons, the petition for review is DENIED. Having complet-

ed our review, we DENY the pending motion for a stay of removal as moot.